Dear Representative DeWitt:
You requested an Attorney General's opinion regarding the creation of a special taxing district by the City of Alexandria pursuant to La.R.S.33:9038.53. You indicate that this particular section of law within Part III of Chapter 27 of Title 33 is Alexandria specific. You further advise that in Part II of Chapter 27 of Title 33, the legislature authorized a separate tax increment financing program for Economic Development Districts. In accordance with that Part, particularly R.S. 33:9038.41, the parish of Rapides may provide for tax increment financing for certain projects, excluding hotels. Based upon these statutes you question whether the governing authority of the City of Alexandria can act pursuant to the provisions of La.R.S. 9038.53 to create a special taxing district that uses hotel occupancy tax financing to rehabilitate a hotel within the city boundaries.
Part II of Chapter 27 pertains to tax increment financing by local governmental subdivisions. A local governmental subdivision is defined to include any municipality or parish.[1] R.S. 33:9038.41 places limitations on the purposes for which tax increment financing may be used by any parish having a population of not more than one hundred thirty thousand persons and not less than one hundred twenty thousand persons. However, the limitations do not apply to Part III of Chapter 27. R.S.33:9038.41 provides in relevant part:
 A. The provisions of this Section shall be applicable to any parish having a population of not more than one hundred thirty thousand persons and not less than one hundred twenty thousand persons, according to the most recent decennial federal census.
 B. The provisions of this Part shall apply to any parish to which this Section is applicable, but only for the following purposes:
 (1)(a) Infrastructure projects, including but not limited to utility projects, access projects, and telecommunication projects, the purchase of land, *Page 2 
and the construction of a facility to be publicly owned for manufacturers as defined in this Paragraph.
 * * * *
 (2) Infrastructure projects, including but not limited to utility projects, access projects, and telecommunication projects, the purchase of land, and the construction of a facility to be publicly owned for businesses identified as one of the Vision 2020 cluster industries: biotechnology and biomedical; micro manufacturing; software, auto regulation, Internet, and telecommunications technologies; environmental technology; food technologies; and advanced materials. Any cluster of industries added after May 1, 2002, shall also qualify for projects utilizing this financing instrument.
 (3) Infrastructure projects, including but not limited to utility projects, access projects, and telecommunication projects, the purchase of land, and the construction of a facility to be publicly owned for central administrative offices, that influence the environment in which data processing, customer service, credit accounting, telemarketing, claims processing, and other administrative functions are accomplished. Additionally data processing, back office operations, and telephone call center operations as defined in NAICS code 56412 are eligible business types.
 C. Financing the following employers or business types shall not be a purpose for which the provisions of this Part shall apply in any parish to which this Section is applicable, and such employers or business types shall not be eligible to receive benefits of tax increment financing pursuant to the provisions of this Section:
 * * * *
 (9) Hotels and convention centers.
 (Emphasis added)
As can be seen from the highlighted language, R.S. 33:9038.41 is only applicable to the provisions of Part II of Chapter 27. Because R.S. 9038.53 is in Part III, that statute is not affected by the limitations contained in R.S. 33:9038.41.
R.S. 9038.53 specifically allows the City of Alexandria to create a special taxing district to fund renovations to a hotel in the City. Therefore, it is our opinion that the governing authority of the City of Alexandria can act pursuant to the provisions of La.R.S. 9038.53 *Page 3 
to create a special taxing district that uses hotel occupancy tax financing to rehabilitate a hotel within the city boundaries.
Trusting this adequately responds to your request, we remain
 Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY:__________________________ KENNETH L. ROCHE, III Assistant Attorney General
 CCF, JR/KLR, III/crt
[1] R.S. 33:9038.31.